UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-CV-01942-MEH

ROBERT JOHNSON,

      Plaintiff,

v.

TYLER SIMONSON, in his individual capacity;
ST. MARY'S HOSPITAL & MEDICAL CENTER, INC., a Colorado nonprofit corporation; and
HSS INC., a Colorado corporation,

      Defendants.

---

**PROPOSED PROTECTIVE ORDER
PURSUANT TO FED. R. CIV. P. 26(c)**

---

The Court, having reviewed the parties' Stipulated Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c), orders as follows:

1. Confidential documents shall be produced, provided or otherwise disclosed to plaintiff within three (3) days from the entry of this Protective Order, and any confidential information shall be marked "Confidential" on the first page or cover of any document produced and subject to this order.

2. The Confidential information shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    Its shall not be communicated or disclosed, either directly or indirectly, to anyone except for purposes of this litigation.  If counsel or a party discloses the described

1

Confidential information to a third party for purposes of this litigation, the disclosing counsel or party shall be responsible for providing a copy of this Order to the third person, and such person must agree before receiving the Confidential information to be governed by the terms of this Order.  If the third-party declines in any respect to be bound by the terms of this Order, then there shall be no disclosure of the Confidential information.  However, in any expert report or deposition, the Confidential information may be referenced or cited as necessary to comply with the provisions of FED. R. CIV. P. 26 (a)(2) and 30.

c.      This Confidentiality stipulation shall not waive any party's right to assert that materials are irrelevant or subject to privilege(s), justifying the party's withholding the material from production or disclosure.

3.   A party may object to the designation of information as confidential by giving written notice to the party designating information as confidential.  Objections shall identify which information is disputed.  The disclosing party, the disputing party, and any other party with an interest in maintaining the confidentiality, shall make reasonable efforts within a reasonable time, to resolve the issue of confidentiality.  If the issue cannot be resolved, the party disputing the designation of confidentiality may move this court for relief from this confidentiality order.  The disputed information shall remain confidential pursuant to this order while the motion is pending.   For purposes of any such motion, the designating party bears the burden of showing why, for good cause, the information should remain confidential.

4.   Individuals receiving the Confidential information as permitted by this Protective Order shall not divulge such information to any other, third person or entity unless authorized to do so by Court order.

5.   No copies of Confidential Information shall be made, except by or on behalf of counsel in this litigation for work product purposes or for review by experts in this case.  Any such copies shall be made and used solely for purposes of this litigation and subject to this Order.

6.   In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the filing party shall determine or confer as to whether the Confidential Information should be filed as a restricted document.  The parties agree to make good faith efforts to confer in advance of submitting Confidential Information to the Court in order to resolve any disputes over whether access should be restricted and to provide a non-moving party the opportunity to file a motion.  If the Parties agree access should be restricted, the Confidential information shall be filed as restricted.  If the parties do not agree, and the matter cannot be resolved before the time of filing, the filing party shall file the information as restricted.

7.   The termination of this action shall not relieve counsel or other persons obligated from their responsibility to comply with this Protective Order.

8.    Parties, by the production or receipt of the documents produced pursuant to this Order, adopt no position as to the authenticity or admissibility of documents produced.

9.   This Order shall govern the use and disclosure of the portions of the contract and any other materials marked as Confidential.

10. Upon termination of this litigation, including any appeals, Plaintiff Johnson and his counsel shall immediately return to the producing party or shall destroy all Confidential information provided subject to this Protective Order.

4

**DATED** this _____day of _____, 201___.

United States District Court Judge

**BY THE COURT:**

_____